UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Wayne BONILLA,<br><br>                                    Petitioner,<br><br>v.<br><br>ALAMEDA COUNTY DISTRICT ATTORNEY,<br><br>                                    Respondent. | Case No.: 23-cv-0772-AGS-BLM<br><br>**ORDER DISMISSING PETITION (ECF 1) WITHOUT PREJUDICE AND CLOSING CASE** |

For four separate reasons, the Court dismisses this petition for a writ of habeas corpus and closes this case.

**A.   Filing Fee**

Petitioner Steven Bonilla has neither paid the $5.00 filing fee nor applied to proceed in forma pauperis. His petition is therefore subject to dismissal without prejudice. *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C. foll. § 2254.

**B.   Jurisdiction and Venue**

A habeas corpus petition may be filed in the United States District Court for either the federal judicial district within which the petitioner is confined or the one within which he was convicted. 28 U.S.C. § 2241(d). Bonilla is presently confined at California Medical Facility in Vacaville, Solano County, California, within the boundaries of the Eastern District of California. *See* 28 U.S.C. § 84(b). And while it is not entirely clear, he appears to be challenging a conviction in Alameda County Superior Court. Bonilla lists that court as his "sentencing or committing court" and says his petition concerns "malicious prosecution without probable cause." (*See* ECF 1 at 2.) Alameda County is within the jurisdictional boundaries of the Northern District of California. *See* 28 U.S.C. § 84(a). On this record, jurisdiction appears to lie in the Northern and Eastern Districts, but not the Southern District of California.

**C.**   **Proper Respondent**

In federal habeas cases, a state prisoner must name as respondent the "state officer having custody" of him. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). This is because a writ of habeas corpus acts upon the custodian of the state prisoner—the person who will produce "the body" if directed to do so by the Court. Otherwise, the reviewing court lacks personal jurisdiction. *See id.*

"[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. Bonilla has named "Alameda County District Attorney" as respondent. For the Court to proceed, he must instead name either the warden of the state facility in which he is currently confined or the Secretary of the California Department of Corrections and Rehabilitation. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

**D.**   **Exhaustion of State Judicial Remedies**

Habeas petitioners challenging state-court convictions or the length of their confinement in state prison must first exhaust their state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). A petitioner satisfies this requirement when "(1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it" or "(2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Before seeking habeas relief, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in the federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. The petitioner must also have alleged—in state court—how his federal rights were violated. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

Bonilla has not alleged exhaustion of his state judicial remedies. He responded "N/A" to questions asking if he had appealed his conviction or if he had sought review from the California Supreme Court. (ECF 1, at 7.) A habeas petition "must" be dismissed if "it plainly appears from the face of the petition and any attached exhibits that the

2

petitioner is not entitled to relief in the district court . . . ." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

### CONCLUSION AND ORDER

For the foregoing reasons, the petition is **DISMISSED** without prejudice. The Clerk is directed to close this case.

If Bonilla wishes to proceed in this District, he must submit, **no later than July 7, 2023**, <u>BOTH</u> (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in this Order <u>and</u> (2) either the $5.00 filing fee or adequate proof of his inability to pay the fee. The Clerk is directed to send Bonilla a blank Southern District of California amended § 2254 habeas petition form and in forma pauperis application along with a copy of this Order.

But if Bonilla is indeed confined outside the Southern District of California and is attempting to challenge a state conviction entered in Alameda County, he could only seek federal habeas relief from a U.S. district court that covers Alameda County or the county in which he is confined.

The Court cautions Bonilla that a one-year period of limitation applies to a federal petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d). This statute of limitations does not run while a properly filed state habeas corpus petition is pending, but generally it does run while a federal habeas petition is pending. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Dated: May 11, 2023

Andrew G. Schopler
United States District Judge

3